IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Michael Jackson, ) | |
| ) | |
| ) | Civil Action No. 6:14-2265-JMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Greenville County Detention Center ) | |
| Medical Department; and ) | |
| Marie Livingston, *The Mental Health* ) | |
| *Department Supervisor*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      Plaintiff is a pre-trial detainee at the Greenville County Detention Center. In the above-captioned case, Plaintiff has brought suit against the Greenville County Detention Center Medical Department and the Mental Health Supervisor at the Greenville County Detention Center for failing to provide him psychiatric medications that, according to Plaintiff, he had been prescribed prior to his detention. In a separately-filed order, the undersigned is authorizing service of process upon Defendant Livingston.

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007) (*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to *partial* summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The "lead" defendant in this case is the Greenville County Detention Center Medical Department. The Greenville County Detention Center Medical Department is not an identifiable "person" under 42 U.S.C. § 1983 and should be summarily dismissed. *See Brownlee v. Williams*, C.A. No. 2:07-0078-DCN-RSC, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007) ("Additionally, use of the term 'staff' or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. Therefore, Medical Dept. Staff Nurses is not a proper defendant under section 1983 and the Complaint against this Defendant should be dismissed.") (citation omitted); *cf. Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (detention center not a "person" subject to suit under Section 1983).

Based on the foregoing, it is, therefore, recommended that the district court summarily dismiss the Greenville County Detention Center Medical Department *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

June 27, 2014                                     s/ Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).