IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Michael Jackson, ) | |
| ) | |
| ) | Civil Action No. 6:14-2265-JMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Marie Livingston, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

      The plaintiff, a state prisoner proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

      The plaintiff is a resident of Greer, South Carolina. This civil rights action concerns the plaintiff's mental health treatment when he was confined at the Greenville County Detention Center ("GCDC") in 2014. In an order (doc. 15) filed in this case on June 27, 2014, the undersigned authorized service of process upon defendant Livingston but directed that process not be issued upon the GCDC Medical Department. In a separately-filed Report and Recommendation, the undersigned recommended that the GCDC Medical Department be summarily dismissed *without prejudice* (doc. 16). On October 23, 2014, the Honorable J. Michelle Childs, United States District Judge, by order (doc. 34), adopted the report and recommendation. As a result, Livingston became the sole defendant in this case.

On October 14, 2014, the defendant filed a motion for summary judgment (doc. 30). On October 15, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the plaintiff was advised of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On October 29, 2014, the plaintiff filed a notice of change of address, and the *Roseboro* order was re-mailed to the updated address on November 4, 2014. The plaintiff did not file a response to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order (doc. 41) on December 29, 2014, giving the plaintiff through January 21, 2015, to file his response to the motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute (doc. 41 at 1). The plaintiff has not filed a response. On January 22 and 23, 2015, the plaintiff filed two identical one-paragraph documents stating that he "demand[s] a jury trial" and "[his] right to appeal" and asking that all necessary paperwork be mailed back to him (docs. 44 and 45). The documents do not in any way address the defendant's motion for summary judgment.

The defendant seeks summary judgment on the following grounds: (1) the plaintiff can produce no evidence that the defendant violated any of his constitutional rights; and (2) the plaintiff cannot meet his burden of proving each essential element of his Section1983 cause of action (doc. 30 at 1). The defendant indicates she is the Mental Health Manager for the GCDC (doc. 30-1 at 3), but did not participate in the plaintiff's booking or in the initial medical assessment of the plaintiff (*id*.) when the plaintiff was booked into the GCDC on March 14, 2014 (*id*. at 2). The defendant seeks summary judgment because the plaintiff "cannot prove that [she] did anything to him at all, much less took action that violated his constitutional rights." (*id*. at 4).

The defendant has filed an affidavit (doc. 30-2). In her affidavit, the defendant states:

2

> 3. I am currently employed by Greenville County as the Mental Health Manager for the Greenville County Detention Center.
>
> 4. I am aware of the lawsuit filed against me in federal court by GCDC inmate Robert Michael Jackson, and I have reviewed Inmate Jackson's allegations.
>
> 5. I have had no involvement with Inmate Jackson's booking, initial mental health assessment, or subsequent mental health treatment during the time period to which Inmate Jackson refers in his Complaint. Inmate Jackson has never been my patient, and I have made no assessments of his condition or made any recommendations concerning his treatment.

(doc. 30-2 at 1–2).

With respect to medical care, a prisoner in a § 1983 action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The plaintiff's claims in the above-captioned case are governed by the Fourteenth Amendment because he was a pretrial detainee while he was confined at the Greenville County Detention Center. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.").

The defendant was not involved in the plaintiff's medical or mental health care. As a result, liability may not be imposed upon her for the plaintiff's mental treatment (or lack thereof) at the Greenville County Detention Center. *See Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C., July 25, 2007) (collecting cases holding that a plaintiff suing a government official in his or her individual capacity and seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right).

Secondly, the doctrine of respondeat superior (or supervisory liability) is inapplicable to § 1983 suits. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."); and *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977). Finally, as the defendant was not involved in the plaintiff's medical or mental health treatment, the plaintiff cannot prove the defendant's purposeful indifference to a serious medical need. *Fair v. Stirling*, Civil Action No. 6:13-2940-RMG, 2014 WL 6983363, at *6 (D.S.C. Sept. 10, 2014) (to show deliberate indifference, a plaintiff must show a serious medical need *and* the defendant's purposeful indifference thereto).

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the District Court grant the defendant's motion for summary judgment (doc. 30). The attention of the parties is directed to the notice on the next page.

s/Kevin F. McDonald<br>
United States Magistrate Judge

January 29, 2015<br>
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).